```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT


UNITED STATES OF AMERICA      :
                              :
      v.                      :        File No. 1:04-CR-114
                              :
PETER HOLLAND                 :
_____:
```

## RULING ON DEFENDANT'S MOTION FOR NEW TRIAL
(Paper 56)

Defendant Peter Holland's Motion for New Trial advances three arguments: (1) a revived challenge to the Court's admission of subjective testimony; (2) insufficiency of the evidence; and (3) error in the government's closing argument.  (Paper 56). After consideration, Defendant's motion is denied.

Fed. R. Crim. P. 33 provides, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Granting a motion for a new trial is discretionary and only warranted when a defendant shows actual prejudice.  See United States v. Gaskin, 364 F.3d 438, 463 (2d Cir. 2004).

In this case, the admission of subjective testimony from the teller is in harmony with overwhelming authority that although the test for intimidation is objective, the teller's state of mind is admissible as probative evidence of intimidation.  See, e.g., United States v. Gilmore, 282 F.3d 398, 403 (6th Cir. 2002).  Second, there was sufficient evidence to support the

jury's finding on the element of intimidation, including the teller's testimony, the surveillance video, and the robbery note Defendant presented to the teller.  Finally, the Court concludes the government did not misstate the evidence in its closing but instead, merely raised objectively reasonable inferences that could be drawn from the evidence.

    The Motion for New Trial is DENIED.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 11th day of April, 2007.

                                     /s/ J. Garvan Murtha
                                     J. Garvan Murtha
                                     United States District Judge