```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF VERMONT
```

United States of America       :
                               :
    v.     :       File No. 1:04-CR-114
                               :
Peter K. Holland               :

ORDER
(Paper 84)

Defendant Peter Holland has moved the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Paper 80). The government filed an answer opposing the motion, and Holland informs the Court that he does not know "if I'm expected to respond directly to this answer or whether the process is already going forward . . . ." (Paper 84). He also asks for Court-appointed counsel. Id. Given Holland's confusion about the process, the Court will allow him additional time in which to respond to the government's filing. However, for reasons set forth below, his motion for appointment of counsel is DENIED.

There is no constitutional right to appointed counsel when a person convicted of a crime brings a "collateral attack" upon his conviction or sentence. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Just as in any civil case, the decision as to whether or not to assign counsel lies clearly within the Court's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). Assuming that the movant has shown that he is sufficiently indigent, the factors to be considered by the Court

include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

In this case, it is not at all clear that the claims at issue are likely to be of substance. Holland was convicted of bank robbery in October 2008. His § 2255 motion claims that his defense attorneys were ineffective. Specifically, he argues that counsel (1) should have had him evaluated by an independent psychiatrist, and (2) failed to seek a jury instruction for a lesser included offense of bank larceny.

As to the first claim, Holland must show that counsel's performance fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687 (1984). He must also demonstrate prejudice arising out of counsel's allegedly ineffective performance. Id. While some ineffective assistance

claims may certainly warrant the appointment of counsel, Holland has given little indication that his claims have merit. Indeed, with respect to the psychiatric evaluation, Holland was given a thorough examination by a board-certified psychiatrist, and the case law suggests that counsel is under no obligation to seek out a second expert. See, e.g., Sidebottom v. Delo, 46 F.3d 744, 753 (8th Cir. 1995). As to his second argument, Holland must rebut the government's assertion that, since the Supreme Court's decision in Carter v. United States, 530 U.S. 255 (2000), bank larceny is not a lesser included offense of bank robbery under 18 U.S.C. § 2113(a).

Even if the Court were to find that Holland's motion meets the merits threshold, the remaining factors do not call for the appointment of counsel. There are few facts to be investigated. The likelihood of conflicting evidence is low, as the issues presented by the § 2255 motion appear to be solely questions of law. These issues to not appear to be overly complex, and the Court sees no "special reasons why appointment of counsel would be more likely to lead to a just determination." Hodge, 802 F.2d at 63. The motion for appointment of counsel (Paper 84) is therefore DENIED.

Holland's deadline for responding to the government's answer is hereby EXTENDED to March 22, 2010.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of February, 2010.

                                      /s/ J. Garvan Murtha
                                      Honorable J. Garvan Murtha
                                      Senior United States District Judge